ALBANESE & ALBANESE LLP
ATTORNEYS AT LAW
1050 FRANKLIN AVENUE
GARDEN CITY, NEW YORK 11530

TEL (516) 248-7000
FAX (516) 747-7777

WWW.ALBANESELEGAL.COM

VINCENT M. ALBANESE
JOSEPH R. ALBANESE
GARY R. STEINBERG
ARTHUR L. COLOZZI
RICHARD H. FERRIGGI
VINCENT A. ALBANESE
BRUCE W. MIGATZ
MAUREEN R. HEALY
THOMAS O. RICE
DIANA CENTRELLA PREVETE
HYMAN HACKER
W. SCOTT SCHNEIDER

BARRY A. OSTER
BRUCE B. VARNEY
ERICA B. SLEZAK
WILLIAM J. NUGENT
DEBORA G. NOBEL

SPECIAL COUNSEL
THOMAS S. GULOTTA

COUNSEL
ROBERT A. CARPENTIER
GEORGE P. ESERNIO
NANCY E. GIANAKOS
JOHN E. SCHAEFER, JR.

WRITER'S E-MAIL:
hhacker@albaneselegal.com

March 16, 2012

Hon. Leonard D. Wexler
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    <u>Griffin et al v. SIRVA, Inc. et al.</u>

Dear Judge Wexler:

      Our firm represents defendant Astro Moving & Storage Co., Inc. ("Astro") in the above-referenced action. I am writing in response to plaintiffs' counsel's letter of March 9, 2012 seeking permission to move for partial summary judgment on behalf of plaintiffs Griffin and Godwin on their sixth cause of action. It is our position that there is no need to entertain this motion at this time in light of the numerous other claims of said plaintiffs and the claims of yet a third plaintiff, which are unrelated to said claims, and because there are issues of fact that preclude summary judgment.

      Moreover, as a threshold issue, it is submitted that plaintiff actually should not be bringing this claim in this Court. Section 755 of the Correction Law provides that "In relation to actions by private employers, the provisions of this article shall be enforceable by the division of human rights pursuant to the powers and procedures set forth in article fifteen of the executive law, and, concurrently, by the New York city commission on human rights." Thus, the proper procedure was for plaintiffs to file a claim with the commission on human rights and pursue the administrative remedies provided for in the statute. The failure to do so is fatal. If plaintiff moves for summary judgment Astro would seek to cross-move to dismiss the sixth cause of action.

      However, even if there were some basis on which this Court might exercise jurisdiction over this claim, there clearly are substantial issues of fact that preclude summary judgment.

      Mr. Lichten has correctly advised the Court that under Section 296(15) of the Executive Law, it is "an unlawful discriminatory practice… to deny…employment to any individual by reason of his or her having been convicted of one or more criminal offenses, or by

ALBANESE & ALBANESE LLP

Hon. Leonard D. Wexler          Page 2                    March 16, 2012

reason of a finding of a lack of "good moral character which is based upon his or her having been convicted of one or more criminal offenses, when such denial is in violation of the provisions of article twenty-three-A of the correction law…"

Article 23-A of the Correction Law provides for two substantial exceptions, so that it is not an unlawful discriminatory practice to base an employment decision on prior convictions for criminal offenses when:

(1)    there is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought or held by the individual; or

(2)    the issuance or continuation of the license or the granting or continuation of the employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public.

With respect to Mr. Griffin, it is our contention that he was not terminated and voluntarily terminated his employment. Mr. Lichten characterizes plaintiffs Godwin and Griffin as being rehabilitated family men. He fails to mention that the crimes that each of them was convicted involved the rape of a minor and that each of them is a registered sexual offender. The evidence, however, fails to support the contention that either is rehabilitated. Mr. Griffin, who is 46 years old, is not married. He was convicted of raping a 7-year boy when Mr. Griffin was 32 years old. Mr. Godwin, who is now 43 years old, was convicted of raping a 7-year old girl when he was 30 years old. He also is not married, but reportedly has one son.

Although Mr. Lichten opines that both plaintiffs are rehabilitated, they have not produced any documentation to support that contention. Plaintiffs Godwin and Griffin worked at Astro as helpers who would have to go into the homes of private people, often families with children. While engaged in the business of moving people's home furnishings there would be times that these individuals would be in portions of the home where they could come into contact with unsupervised minors. Would homeowners have to be warned in advance that a convicted sexual offender will be coming into their home so they should be careful of the risk of their children being alone with the movers? If they were not warned and there was a sexual assault, would their employer have liability for failure to notify the family?

It certainly cannot be said as a matter of law that the statutory criteria that permit consideration of past criminal convictions in making employment decisions would not apply to plaintiffs Griffin and Godwin. Certainly, there are sufficient issues of fact to preclude a determination by this Court on a summary judgment motion. The determination of whether the employment of a child rapist in a position that gives him access to the homes of families, who often have children in the house, "would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public" or bears a "direct relationship" to their

134149.1

ALBANESE & ALBANESE LLP

Hon. Leonard D. Wexler          Page 3          March 16, 2012

duties as helpers in a moving company is a question of fact for the jury, and not susceptible to summary judgment.

        Accordingly, we submit that a motion by plaintiffs for partial summary judgment on the sixth cause of action, one of eight causes of action, is not an efficient or productive use of judicial resources. However, if plaintiffs are permitted to proceed, we would request an opportunity to cross-move on the basis set forth above limiting the scope of remedies to claims brought in accordance with the Human Rights Law.

        Very truly yours,

        ALBANESE & ALBANESE LLP

        Hyman Hacker

134149.1