UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TRATHONY GRIFFIN, MICHAEL
GODWIN and FRANK CALLACE,

    Plaintiffs,

- against -

SIRVA, INC., ALLIED VAN LINES,
INC. and ASTRO MOVING AND
STORAGE CO., INC.,

    Defendants.

Civil Action No. 11 CV 1844 (MKB) (WDW)

**SIRVA'S AND ALLIED'S REPLY STATEMENT OF MATERIAL FACTS**

Defendants SIRVA, INC. ("SIRVA"), and ALLIED VAN LINES, INC. ("ALLIED") submit the following Reply Statement of Material Facts pursuant to Local Civil Rule 56.1.

1. Plaintiffs admit the following paragraphs of ALLIED's and SIRVA'S September 10, 2012 Statement of Material Facts ("SOMF") without reservations: Paragraphs 3-5, 7, 9-10, 12-15, 19, 22, 32, 44, 50-51, 54-55, 57-58, 60, 63-67, 69, 72, 77, 82-83, 85, 89, 92, and 105.

2. The following paragraphs of ALLIED's and SIRVA'S SOMF should be deemed admitted as plaintiffs merely responded "Do not possess sufficient information to admit or deny" and failed to rebut the statement with reference to any competent evidence as required by Local Civil Rule 56.1: Paragraphs 16, 18, 20-21, 31, 33-43, 49, 53, 56, 59, 61, 68, 70, 71, 88, 90, 93, and 110.

3. The following paragraphs of ALLIED's and SIRVA'S SOMF should be deemed admitted as plaintiffs merely responded "Refer the Court to the original document for its

contents" and failed to rebut the statement with reference to any competent evidence as required by Local Civil Rule 56.1: Paragraphs 23-30, 73-76, 78-81, 84, and 86-87.

4. The following paragraphs of ALLIED's and SIRVA'S SOMF should be deemed admitted as plaintiffs responded "Deny. This is not a statement of fact, but rather a legal opinion" and failed to explain why these statements are legal opinions and failed to rebut the statements with reference to any competent evidence as required by Local Civil Rule 56.1: Paragraphs 47-48, 52, 97-100, 102, 107-109.

5. Paragraphs 1 and 2 of ALLIED's and SIRVA'S SOMF should be deemed admitted. Although GRIFFIN denies paragraphs 1 and 2, he admits that he was convicted of sexual abuse in the first degree in 1997 and served ten (10) years in prison. The fact that GRIFFIN's victim was a 7 year old male is a matter of public record. See SIRVA/ALLIED Exhibit "M."

6. Paragraph 6 of SIRVA's and ALLIED's SOMF should be deemed admitted. Plaintiff GRIFFIN alleges that he accurately completed a Background Investigation Consent form, but fails to explain why he only admitted to a "child abuse" conviction when he was actually convicted of first degree sexual abuse.

7. Paragraph 8 of SIRVA's and ALLIED's SOMF should be deemed admitted. Plaintiff GODWIN does not deny any portion of this statement and admits that he was convicted of rape in the first degree in 1999.

8. Plaintiffs deny Paragraph 17 of SIRVA's and ALLIED's SOMF, merely alleging that "SIRVA took numerous actions in this case" and referring to Plaintiffs' Exhibits "E," "F" and "G." None of these exhibits reflect that SIRVA took any actions in this case. Although Exhibit "E," the Background Investigation Consent form, references SIRVA, it is undisputed that SIRVA Worldwide, Inc. ("SIRVA Worldwide"), a non-party, not SIRVA,

2

entered into the relevant written agreement with HireRight Solutions, Inc. relating to background screening (Plaintiffs' Exhibit "D"). The HireRight/ASTRO February 10, 2011 email (Plaintiffs' Exhibit "F") refers only to SIRVA Worldwide. Exhibit "G", the ASTRO/GODWIN February 10, 2011 letter states, "SIRVA and its affiliated carriers, Allied Van Lines and North American Van Lines (collectively SIRVA), obtains <u>or requires others to obtain</u>, consumer reports regarding potential laborers....We are enclosing a copy of the <u>consumer report we [ASTRO] obtained</u> in conjunction with your consideration for qualification..." (emphasis added). To the extent that plaintiffs rely on the ASTRO/GODWIN February 10, 2011 letter (Exhibit "F") as evidence that SIRVA allegedly obtained criminal background searches on plaintiffs prior to their employment terminations, that unsigned letter is inadmissible hearsay. SIRVA is a holding company for its subsidiaries, including SIRVA Worldwide, which is the parent company of North American Van Lines, Inc. ("NAVL"), which, in turn, is the parent company of ALLIED (Hoffacker Statement ¶2). As a holding company, SIRVA merely owns the outstanding stock of its subsidiary companies and does not produce products or provide services itself (Hoffacker Statement ¶3).

9. Plaintiffs deny SIRVA's and ALLIED's SOMF Paragraphs 45, 94 and 95. Plaintiffs, however, fail to provide any evidence that ALLIED instructed ASTRO to terminate GRIFFIN's or GODWIN's employment, or that anyone at ALLIED had any knowledge of plaintiffs' terminations before they occurred. Plaintiffs' Exhibit "F," the HireRight Report, merely states that plaintiffs do not meet company standards. Nothing prevented ASTRO from using plaintiffs on non-ALLIED work, such as local or warehouse jobs.

10. Plaintiffs deny Paragraphs 46, 96 and 101 of SIRVA's and ALLIED's SOMF. First, plaintiff GODWIN fails to provide an affidavit testifying that he was not required by ASTRO to perform any tasks in close proximity with customers and their families, including

children, or that he was not required by ASTRO to have unsupervised contact with children. Thus, Paragraphs 46, 96 and 101 should be deemed admitted with respect to GODWIN.

Second, GRIFFIN's self-serving affidavit is contradictory and irrelevant. GRIFFIN admits that, as an ASTRO helper, he packed household goods for transportation and moved goods in and out of ASTRO'S customers' homes (SOMF Paragraph 5), but he now alleges that he avoided close proximity with customers' families. Regardless, Paragraphs 46, 96 and 101 relate to ALLIED'S experience with helpers generally. Helpers work in close proximity with ALLIED's customers and their families and often have unsupervised contact with customers' children. GRIFFIN does not and cannot rebut ALLIED's experience with helpers generally. GRIFFIN does not and cannot testify that he would never be in a situation where he would have to work in close proximity with ALLIED's customers and their families, or would never have unsupervised contact with children. GRIFFIN's self-serving affidavit as to his unique personal experience fails to rebut SOMF Paragraphs 46, 96 and 101.

11.  Plaintiffs deny Paragraph 62 of SIRVA's and ALLIED's SOMF. Plaintiffs allege that "It appears from the statements of SIRVA's managers that the company provides some services." The Hoffacker and Davison Supporting Statements contain no such statements.

12.  Plaintiffs deny Paragraph 91 of SIRVA's and ALLIED's SOMF. Plaintiffs' denial is in bad faith and directly contradicts their deposition testimony. First, both plaintiffs testified in their depositions that they never met a SIRVA or ALLIED representative. Plaintiffs now equivocate by alleging they "met ASTRO, an agent of SIRVA and ALLIED." Paragraph 91 does not refer to ALLIED's corporate disclosed household goods agents like ASTRO. Furthermore, ASTRO is not an agent of SIRVA. Second, these plaintiffs both testified in their depositions that they do not even know where SIRVA and ALLIED are located, but they now state that SIRVA and

4

ALLIED are located in Illinois. Plaintiffs' belated post-deposition knowledge does not rebut their lack of an employment relationship with SIRVA or ALLIED. Plaintiffs allege that they saw papers with SIRVA and ALLIED names and refer to Plaintiffs' Exhibits "E," "F" and "G." These post-termination documents do not disprove plaintiffs' lack of an employment relationship with ALLIED or SIRVA while they were employed by ASTRO.

13. Plaintiffs deny Paragraph 103 of SIRVA's and ALLIED's SOMF. Plaintiffs, however, nevertheless fail to produce any evidence of their rehabilitation and they are still registered sex offenders. GRIFFIN is adjudicated as "high" risk offender and GODWIN is a "medium" risk offender. These risk adjudications have not been reduced by the State of New York.

14. Plaintiffs admit Paragraph 104 of SIRVA's and ALLIED's SOMF by stating that "Admit that Griffin and Godwin were adults when they committed their crimes." Plaintiffs fail to admit that, not only were they adults, but that GRIFFIN was 31 years old and GODWIN was 29 years old when they committed their sex crimes against seven (7) year old children.

Dated: New York, New York
November 19, 2012

_____
GEORGE W. WRIGHT

5