

George W. Wright*
Narinder S. Parmar*

Lisa Waxman Davis^†
Kevin Foley*†

Attorneys At Law

# GEORGE W. WRIGHT
# & ASSOCIATES, LLC

December 4, 2012

**VIA ECF AND REGULAR MAIL**

Hon. Margo K. Brodie, U.S.D.J.
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re: **Trathony Griffin, Michael Godwin and Frank Callace
v. SIRVA, Inc., Allied Van Lines, Inc. and
Astro Moving and Storage Co., Inc.
Docket No. CV11-1844(LDW)
Our File No. 11853**

Dear Judge Brodie:

We are counsel for defendants SIRVA, Inc. ("SIRVA") and Allied Van Lines, Inc. ("Allied") and respectfully request leave to file the instant sur-reply to plaintiffs' Reply Memorandum in Support of Partial Summary Judgment.

### A. Request for Sur-Reply.

Plaintiffs' Reply Memorandum of Law is mostly addressed to co-defendant Astro Moving & Storage Co., Inc.'s ("Astro's") opposition papers. However, plaintiffs also address the issues of (1) whether Executive Law § 296(15) applies to non-employers like SIRVA and Allied, and (2) whether defendants' alleged failure to consider all the Section 753 criteria results in liability, or whether the fact-finder must address the Section 753 factors *de novo*. In discussing these issues, plaintiffs raise new arguments to which SIRVA and Allied and would like an opportunity to respond. Plaintiffs' Reply Memorandum of Law also makes certain concessions that may narrow the issues presented on the parties' summary judgment motions.

*New Jersey*
505 Main Street
Hackensack, NJ 07601
T 201.342.8884
F 201.343.8869

*New York*
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY 10005
www.wright-associate.com

†*Of Counsel*
*Member NJ & NY Bars
^Member NY Bar



*Attorneys At Law*
GEORGE W. WRIGHT
& ASSOCIATES, LLC

### B. Sur-Reply Points.

#### (1) Whether Executive Law § 296(15) Applies to Non-Employers.

Plaintiffs contend in their Reply Memorandum (p.6) that Executive Law § 296(15) applies to non-employers, despite the use of the word "employer" twice in that Section. Plaintiffs contends that the word "employer" is used in the second sentence of Section 296 (15) ("Immunity Provision") because it provides partial immunity only to employers for hiring persons with prior convictions but not to non-employers. Plaintiffs' contention lacks merit. Section 296(15) is a single paragraph and the phrase "the employer" in the Immunity Provision clearly refers back to "any person, agency, bureau, corporation or association, including the state and any political subdivision thereof" who denies "employment to any individual….." It is illogical to contend that the first sentence of Section 296(15) ("Liability Provision") applies to employers and non-employers, but that the Immunity Provision protects employers only. A plain reading of Section 296(15) is that both the Liability Provision and the Immunity Provision only apply to employers. The Liability Provision does not use the word "employer" because Section 296(15) pertains to both employment and licensing discrimination by state and local authorities.

#### (2) The Effect of Alleged Failure to Consider Section 753 Factors.

Plaintiffs contend in their Reply Memorandum (p.7) that "the statute [Section 753] has already been violated" by defendants' alleged failure to consider each and every Section 753 factor and substantial compliance is not sufficient. Plaintiffs further contend that they are entitled to a "declaratory judgment that Allied's guidelines are unlawful." SIRVA and Allied have already explained why they did not violate Section 753. Even if the Court finds that Allied's CLP guidelines are unlawful, however, plaintiffs are not entitled to declaratory relief because the Complaint seeks no such relief. With respect to the Sixth Cause of Action, the Complaint (p.7) merely requests compensatory damages, attorneys' fees and costs.

For the first time, plaintiffs concede (p.7) that even if the Court finds that Allied's guidelines violated Section 753, they will not be entitled to compensatory damages unless the Court or a jury determine *de novo* that the application of the Section 753 factors results in a finding that defendants violated Corrections Law § 752. According to plaintiffs, the fact-finder must determine whether (a) there is a direct relationship between plaintiffs' prior child rape convictions and their



employment as Astro's helpers, or (b) continuation of plaintiffs' employment would involve an unreasonable risk to the safety or welfare of Allied's customers and their families.

SIRVA and Allied, however, dispute plaintiffs' contention that this issue must be submitted to a jury. We submit that the Court should determine that Allied was justified as a matter of law from precluding plaintiffs from Allied moves. Milwaukee Board of School Directors v. Labor and Industry Review Commission, 2001 WI App. 166, 632 N.W.2d 123, P.21 n.4 (Dist. 1, 2001), ["there are certain types of criminal convictions which could conceivably render an individual unsuitable for employment that entailed any contact with children, no matter how incidental" (emphasis added)]; Moses v. Browning-Feris Industries of Kansas City, Inc. 1986 U.S. Dist. LEXIS 20073, *8-9 (D. Kan. 1986) [finding justified employer's use of an applicant's rape and robbery criminal past in denying employment as a waste disposal worker because of concern that such workers enter customers' yards or front porches to pick up refuse]; Mallette v. United States Sec. Assocs., 2008 U.S. Dist. LEXIS *8,*9 (E.D.Pa. 2008) [USSA acted reasonably in suspending plaintiff without pay from his job at a children's hospital when it learned that he had multiple violent charges pending against him, some of which were felonies.]; Gibson v. Transport Commission, 106 Wis.2d 22, 315 N.W.2d 346 (Sup.Ct. 1982) [as a matter of law armed robbery conviction was substantially related to a school bus driver's job qualifications]; Law Enforcement Stds. Bd. v. Lyndon Station, 101 Wis.2d 472, 305 N.W.2d 89 (Sup.Ct. 1981) [holding that a conviction for falsifying traffic citations, as a matter of law, substantially relate to the office of the chief of police]; Cisco v. United Parcel Services, Inc., 328 Pa.Super. 300, 476 A.2d 1340 (Pa.Super. 1984) [charges against UPS employee who for theft and trespass for an incident that allegedly occurred while he was making a delivery related to his suitability for employment with UPS].

Alternatively, we respectfully request that the Court should find no reasonable fact-finder could apply the Section 753 factors and conclude that it was improper to disqualify plaintiffs Griffin and Godwin, who are convicted of violent sex crimes against 7-year-old children and still registered sex offenders, from entering unsuspecting customers' homes where they are likely to come into contact with women and children.


We thank you for your attention and consideration.

Respectfully submitted,

*[signature: Narinder S. Parmar]*

Narinder S. Parmar

NSP:ds

cc.  Stuart Lichten, Esq. (Via ECF)
     John Schaefer, Esq. (Via ECF)
     Hyman Hacker, Esq. (Via ECF)